# EXHIBIT A

to Gate Gourmet's Notice of Removal

ORIGINAL

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GATE GOURMET, INC., a Delaware Corporation; and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARLES SCOTT, an individual; BRENDA MCCOY, an
individual; DOMINIQUE FERDINAND, an individual, on behalf of
themselves and all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

OCT 27 2020

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rita Nazaryan

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Spring Street Courthouse<br><br>312 N. Spring Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**20STCV41416** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Heather K. Cox, Barkhordariaaw Firm, 6047 Bristol Pkwy, 2nd Floor, Culver City, CA 90230, Tel 323.450.2777

DATE: OCT 27 2020            SHERRI R. CARTER            Clerk, by _____, Deputy
*(Fecha)*                   *(Secretario)*                                    RITA NAZARYAN    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

10/29/2020

ORIGINAL

1 | **GREGORY P. WONG (SBN: 204502)**
**HEATHER K. COX (SBN: 278898)**
2 | **BARKHORDARIAN LAW FIRM, PLC**
3 | 6047 Bristol Parkway, Second Floor
Culver City, CA 90230
Telephone: (323) 450-2777
4 | Email: Heather@barklawfirm.com

5 | **Attorneys for Plaintiff**
**Charles Scott, Brenda McCoy, Dominique Ferdinand,**
6 | **and on behalf of themselves and all others similarly**
**situated**
7

8

FILED
Superior Court of California
County of Los Angeles

OCT 27 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rita Nazaryan

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF LOS ANGELES**

11 | **SPRING STREET COURTHOUSE**

12

13 | CHARLES SCOTT, an individual;
BRENDA MCCOY, an individual;
14 | DOMINIQUE FERDINAND, an
individual, on behalf of themselves and
15 | all others similarly situated,

16 | Plaintiff,

17 | vs.

18 | GATE GOURMET, INC., a Delaware
Corporation; and DOES 1 through 100,
19 | inclusive,

20 | Defendants.

**CASE NO.: 20STCV41416**

**CLASS ACTION COMPLAINT FOR:**

1. **Wrongful Termination;**

2. **Violation of California Business and Professions Code Sections 17200, et seq.; and**

3. **Breach of Fiduciary Duty**

FAXED

21

22 | **UNLIMITED CIVIL**

23 | **DEMAND FOR JURY TRIAL**

24

25

26

27

28

1

10/29/2020

Plaintiffs Charles Scott (hereafter "Plaintiff Scott"), Brenda McCoy (hereafter "Plaintiff McCoy"), and Dominique Ferdinand (hereafter "Ferdinand") (collectively referred as "Plaintiffs") on behalf of themselves and all others similarly situated, alleges and states as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The amount in controversy for each class representative, including claims for compensatory damages and pro rata share of attorneys' fees is less than $75,000.00.  It is believed that the total sum owed to the Class alleged herein is less than $5,000,000.00, based upon the anticipated size of the Class and the amount in controversy for each member of the Class.

2.     This Court has jurisdiction over this action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution.

3.     This Court has jurisdiction over Defendant, because, upon information and belief, Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court, because, upon information and belief, the named Defendant resides, transacts business, or has offices in this county, and the acts or omissions alleged herein took place in this county.

## THE PARTIES

5.     At all times relevant herein, Plaintiff Charles Scott ("Plaintiff Scott") was, and is, an individual residing in the City of Long Beach, County of Los Angeles, State of California.

6.     At all times relevant herein, Plaintiff Brenda McCoy ("Plaintiff McCoy") was, and is, an individual residing in the City of Los Angeles, County of Los Angeles, State of California.

7.      At all time relevant herein, Plaintiff Dominique Ferdinand ("Plaintiff Ferdinand") was, and is, an individual residing in the City of Los Angeles, County of Los Angeles, State of California.

8.      Plaintiffs are informed and believe, and based thereon allege, that at all times relevant herein, Defendant Gate Gourmet, Inc. (hereinafter together with its employees, agents, subsidiaries, and affiliates, "Defendant" or "GATE GOURMET"), was, and is, a Delaware corporation doing business in the County of Los Angeles, State of California.

9.      Plaintiffs are unaware of the true names and capacities of Defendants named herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege such names and capacities when the same has been ascertained.   Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named Defendants stated herein bears a legal responsibility to Plaintiffs similar to that of the named Defendant herein.

10.     At all times mentioned herein, Defendants DOES 1 through 100, inclusive, were the agents, servants, and employees of their Co-Defendants, and in doing the things herein alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their Co-Defendants.

11.     Plaintiffs hereby demand a trial by jury.

### **FACTS COMMON TO ALL CAUSES OF ACTION**

12.     Plaintiffs bring this action individually, as well as on behalf of each and all persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

13.     Plaintiff Scott began working for GATE GOURMET in or about 2017 as a Chef.

14.     Plaintiff McCoy began working for GATE GOURMET in or about early 2019 in food assembly.

15.     Plaintiff Ferdinand began working for GATE GOURMET in or about February 11, 2019 as an equipment handler.

16.     In March 2020, the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. section 9001, et seq. (hereinafter the "CARES Act") was signed into law.  The CARES Act provided significant federal funding to support multiple industries affected by the Coronavirus Disease 2019 (hereinafter "COVID-19") pandemic, including the airline industry.

17.     The stated purpose and public policy behind the CARES Act is to address the profound economic disruption arising from the unprecedented COVID-19 global pandemic and Congress intended to reduce the amount of unemployment that would otherwise flow from the impact of COVID-19 on the economy, and to protect vulnerable workers.

18.     According to the United States Department of Treasure website regarding the CARES Act, the CARES Act is for "over $2 trillion economic relief package" with the purpose of "protecting the American people from the public health and economic impacts of COVID-19" which includes "direct economic assistance for American workers, families, and small businesses, and preserve jobs for our American industries."   (https://home.treasury.gov/policy-issues/cares) The United States Department of Treasure website regarding Section 4112 of the CARES Acts states the purpose of the Act is to "provides payroll support to passenger air carriers, cargo air carriers, and certain contractors for the continuation of payment of employee wages, salaries, and benefits."           (https://home.treasury.gov/policy-issues/cares/preserving-jobs-for-american-industry/payroll-support-program-payments)

19.     GATE GOURMET is a provider of airline catering and provisioning services for airlines and so qualified as an "airline catering services" under the CARES Act, Title IV, Subtitle B, section 4111.  GATE GOURMET in fact was awarded payroll support of $171,424,598 from the federal government under the CARES program.

20.     Plaintiffs are informed and believe, and based thereon allege, that, as part of the application to receives federal funds under the CARES Act, GATE GOURMET was required to make several assurances including that, pursuant to sections 4113(b)(1)(A) and 4114 of the CARES Act, Defendant would use such payments exclusively for the continuation of employee wages, salaries, and benefits; and refrain from conducting involuntary layoffs or furloughs until September 30, 2020.

4

21.     On or about March 28, 2020 and continuing on through the present, GATE GOURMET began to layoff and/or furlough hundreds of employees including Plaintiffs after the CARES Act had been signed into law.  GATE GOUMET was aware and put on notice that federal fund would be made available to them with the purpose of protecting workers and helping to retain employees.  GATE GOURMET's actions are in direct contravention to the purpose behind the financial bail-out GATE GOURMET applied for and received under the CARES Act.

22.     These layoffs will cause irreparable harm to GATE GOURMET's effected employees, including eliminating employer sponsored health insurance during a pandemic and during a time when unemployment is at an all-time high.

## CLASS ALLEGATIONS

23.     Plaintiffs bring this action individually, as well as on behalf of each and all persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

24.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized under California law.

25.     Plaintiffs seek to represent a class of all of Defendant's former employees working in the state of California who were involved in a layoff after March 27, 2020, when it would become clear that Congress intended to implement a bill which would provide money for the airline industry, including providing federal money to companies in need to continue to employ their employees.

26.     The members of the proposed Class are so numerous that joinder of all members would be unfeasible and not practicable.  The membership of the entire Class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of the class membership is readily ascertainable by inspection of Defendant's payroll and personnel records.

27.     Plaintiffs are, and have been, at all material times, members of the Class.  Plaintiffs are qualified to, and will, fairly and adequately represent the interests of each class member with whom there is a shared, well-defined, community of interests.  Plaintiffs' claims are typical of all

1   class members' claims as they arise out of the same course of conduct and are predicated on the

2   same violations of law.

3          28.    There are questions of law and fact as to the class which predominate over

4   questions affecting only individual members including, without limitation:

5                 (a)    Whether Defendant's layoff and/or furlough of hundreds of employees

6   goes against public policy after Defendant knew or should have known that federal money was

7   and/or would be made available for the purpose of retaining employees;

8                 (b)    Whether Defendant's conduct was willful or reckless.; and

9                 (c)    The appropriate amount of damages, restitution, and/or monetary penalties

10  resulting from Defendant's violations of public policy.

11         29.    The Court should permit this action to be maintained as a class action pursuant to

12  California Code of Civil Procedure section 382, because:

13                (a)    Questions of law and fact common to the Class predominate over any

14  questions affecting individual members;

15                (b)    The Class Action mechanism is superior to any other available method for

16  the fair and efficient adjudication of the claims of the Class Members;

17                (c)    The Class Members are so numerous that it is impractical to bring all

18  members of the Class before the Court;

19                (d)    Plaintiffs, and the Class Members, will not be able to obtain effective and

20  economic legal redress unless the action is maintained as a class action;

21                (e)    There is a community of interest in obtaining appropriate legal and

22  equitable relief for the statutory violations, and in obtaining adequate compensation for the

23  damages and injuries for which Defendant is responsible in an amount sufficient to adequately

24  compensate the members of the Class for the injuries sustained;

25                (f)    Without Class Certification, the prosecution of separate actions by

26  individual members of the Class would create a risk of:

27                       (i)    Inconsistent or varying adjudications with respect to individual

28  members of the Class which would establish incompatible standards of conduct for Defendant;

CLASS ACTION COMPLAINT

1   and/or,

2           (ii)    Adjudications with respect to the individual members which would,

3   as a practical matter, be dispositive of the interests of other members not parties to the

4   adjudications, or would substantially impair or impede their ability to protect their interests,

5   including, but not limited to, the potential for exhausting the funds available from those parties

6   who are, or may be, responsible for Defendant; and

7           (g)    Defendant has acted or refused to act on grounds generally applicable to

8   the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

9   **FIRST CAUSE OF ACTION**

10   **(Wrongful Termination in Violation of Public Policy – Against all Defendants)**

11       30.    Plaintiffs refer to and incorporates herein by reference the above paragraphs as

12   though fully set forth herein.

13       31.    Plaintiffs and Class Members claim that they were discharged from employment

14   on March 28, 2020 after the passage of the CARES ACT and have not been rehired by GATE

15   GOURMET even after GATE GOURMET received federal funding for the purpose of retaining

16   employees.  This lay off is in violation of public policy in the GATE GOURMET has accepted

17   federal money and defied the purpose of the money by proceeding with a layoff of hundreds of

18   employees.

19       32.    Plaintiffs and the class members are informed and believe, and based thereon

20   allege that as a direct and proximate result of the acts alleged herein, Plaintiffs have suffered and

21   continue to suffer economic detriment and monetary damages, including, but not limited to, loss

22   of wages and benefits in an amount to be determined at trial.

23       33.    Plaintiffs and the class members are informed and believe and based thereon

24   allege, that as a further direct and proximate result of the acts alleged herein, Plaintiffs and the

25   class members have suffered and continue to suffer substantial embarrassment, extreme and

26   severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has

27   been generally damaged in an amount to be determined at trial.

28

34.     Plaintiffs and the class members are informed and believe, and based thereon allege, that Defendant willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiffs and the class members for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiffs' and the class members rights.  By reason thereof, Plaintiffs and the class members are entitled to an award of exemplary and punitive damages against Defendant sufficient to punish and deter Defendant from engaging in such conduct in the future in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of California Business and Professions Code Sections 17200 Et Seq. – Against All Defendants)**

35.     Plaintiffs refer to and incorporates herein by reference the above paragraphs as though fully set forth herein.

36.     California Business and Professions Code sections 17200, et seq., prohibits acts of unfair competition which means and includes "any unlawful, unfair, or fraudulent business act or practice."

37.     Within the four (4) years preceding the filing of this action, Defendant has engaged in unlawful, unfair, and/or fraudulent business acts and/or practices by engaging in the conduct set forth above. These business acts and practices violated numerous provisions of the law, including, but not limited to, California public policy. Plaintiff reserves the right to identify additional violations of law as further investigation warrants.

38.     Defendant's acts and practices, as detailed above, constitute acts of unfair competition. Defendant has engaged in an unlawful, unfair, and/or fraudulent business act and/or practices within the meaning of California Business and Professions Code sections 17200, et seq.

39.     By reason of Defendant's fraudulent, deceptive, unfair, and other wrongful conduct, as alleged herein, Defendant has violated California Business and Professions Code sections 17200, et seq., by consummating an unlawful, unfair, and fraudulent business practice designed to deprive Plaintiffs, the members of the Class, and members of the general public of

1    their legal rights.

2        40.    Such conduct is ongoing and continues to this date.

3        41.    By reason of the foregoing, Plaintiffs, class members, and members of the general

4    public have suffered, and continue to suffer, damages, and are therefore entitled to the relief

5    available under California Business and Professions Code sections 17200, et seq., including, but

6    not limited to, restitution, disgorgement, and injunctive relief.

7        42.    As such, Plaintiffs, class members, and the general public, seeks a temporary,

8    preliminary, and/or permanent order from this Court prohibiting Defendant from continuing to

9    engage in the unlawful, unfair, and/or fraudulent business acts or practices set forth in this

10   Complaint, in addition to disgorgement and restitution by Defendant to all persons with a vested

11   interest therein who have been adversely affected by the practices at issue.

12   <u>**THIRD CAUSE OF ACTION**</u>

13   **(Breach of Fiduciary Duty – Against All Defendants)**

14       43.    Plaintiffs refer to and incorporates herein by reference the above paragraphs as

15   though fully set forth herein.

16       44.    The CARES Acts establishes a fiduciary duty in Defendants to protect the interest

17   of GATE GOURMET employees due to the federal money Defendants for the sole purpose of the

18   continuation of payment of employee wages, salaries, and benefits.

19       45.    At all times relevant herein, the Defendant failed to act in good faith, in the best

20   interests of its employees, including Plaintiffs and Class Members, and with such care as an

21   ordinarily prudent person in a like position would use under similar circumstances.

22       46.    Defendants have violated and breached that fiduciary duty including a breach of

23   duties of due care, loyalty, and good faith by proceeding with a mass lay off of the Class

24   Members

25       47.    By reason of the foregoing acts, practices and course of conduct, Defendants have

26   failed to exercise ordinary care and diligence in the exercise of their fiduciary obligations toward

27   Plaintiffs and the other members of the Class.

28       48.    As a result of the actions of Defendants, Plaintiffs and Class Members have been

1   and will be irreparably harmed in that they were terminated during a pandemic causing a loss of

2   wages and benefits, including healthcare at a critical time of record high unemployment

3       49.     Unless enjoined by this Court, Defendants will continue to breach their fiduciary

4   duties owed to Plaintiffs and Class Members,  by continuing to lay off employees and failure to

5   re-hire the previously laid off employees, all to the irreparable harm of the Class, as aforesaid.

6       50.     Defendants are engaging in self-dealing, are not acting in good faith toward

7   Plaintiffs and the other members of the Class, and have breached and are breaching their fiduciary

8   duties to the members of the Class, and/or have aided and abetted therein.

9       51.     As a proximate result of Defendants' conduct, Plaintiff and Class Members have

10  suffered and continues to suffer general, consequential, and special damages, including but not

11  limited to substantial losses in earnings, other employment benefits, physical injuries, physical

12  sickness, as well as emotional distress, plus medical expenses, future medical expenses, and

13  attorneys' fees, all to his damage in an amount according to proof.

14                        **PRAYER FOR DAMAGES**

15      WHEREFORE, Plaintiffs and the class members, and each of them, pray for judgment

16  against Defendants, and DOES 1 through 100, inclusive, and each of them, jointly and severally,

17  as follows:

18                    **ON THE FIRST CAUSE OF ACTION**

19                      **(Wrongful Termination)**

20  1.     For lost wages for Plaintiffs and the class members and benefits and other

21         monetary relief in an amount to be determined at trial;

22  2.     For prejudgment interest on lost wages and benefits:

23  3.     For compensatory damages in an amount to be determined at trial;

24  4.     For general and special damages in an amount to be determined at trial;

25  5.     For punitive damages in an amount to be determined at trial; and

26  6.     For attorneys' fees: and

27  7.     For such other and further relief as this Court may deem just, fair, and proper.

28

## ON THE SECOND CAUSE OF ACTION

### (Unfair Business Practice)

1.    For restitution of all profits and gains resulting from Defendant's unfair, unlawful, and/or fraudulent business acts and/or practices to Plaintiffs, class members, and all persons with a vested interest therein who have been adversely affected by the practices at issue;

2.    For an injunction permanently enjoining Defendant from continuing to engage in any further acts of unfair, unlawful, and/or fraudulent business acts and/or practices;

3.    For reasonable attorneys' fees and for costs of suit incurred herein; and

4.    For such other and further relief as this Court may deem just, fair, and proper.

## ON THE THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

1.    For lost wages for Plaintiffs and the class members and benefits and other monetary relief in an amount to be determined at trial;

2.    For compensatory damages in an amount to be determined at trial;

3.    For general and special damages in an amount to be determined at trial;

4.    For punitive damages in an amount to be determined at trial;

5.    For prejudgment interest on lost wages and benefits:

6.    For an injunction permanently enjoining Defendant from continuing to engage in any further acts which constitute a breach of fiduciary duties;

7.    For reasonable attorneys' fees and for costs of suit incurred herein: and

///
///
///

8.    For such other and further relief as this Court may deem just, fair, and proper.

Respectfully Submitted,

DATED: October 26, 2020

BARKHORDARIAN LAW FIRM, PLC

/s/ *Heather K. Cox*

_____

Gregory P. Wong
Heather K. Cox
Attorneys for Plaintiffs, Charles Scott, Brenda McCoy, Dominique Ferdinand, behalf of themselves and all others similarly situated

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/27/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Nazaryan _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV41416 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/29/2020
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Nazaryan _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Heather K. Cox (SBN: 278898)
Barkhordarian Law Firm
6047 Bristol Parkway, Second Floor
Culver City, CA 90230
TELEPHONE NO.: (323) 450-2777          FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff, Charles Scott, Brenda McCoy, et al

**FOR COURT USE ONLY**

FILED
Superior Court of California
County of Los Angeles

OCT 27 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rita Nazaryan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 312 N. Spring St.
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Charles Scott, et al v. Gate Gourmet, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20STCV41416 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | JUDGE: |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*  Three (3)
5. This case [✓] is  [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 26, 2020
Heather K. Cox
(TYPE OR PRINT NAME)

/s/ Heather K. Cox
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

10/29/2020

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

ORIGINAL

| SHORT TITLE: Scott, et al v. Gate Gourmet, Inc., et al | CASE NUMBER 20STCV41416 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).



10/29/2020

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Scott, et al v. Gate Gourmet, Inc., et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

10/29/2020

| SHORT TITLE: Scott, et al v. Gate Gourmet, Inc., et al | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | ☐  A6160  Abstract of Judgment | 2, 6 |
| | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2, 3, 9 |
| | ☐  A6123  Workplace Harassment | 2, 3, 9 |
| | ☐  A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐  A6190  Election Contest | 2 |
| | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐  A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

10/29/2020

| SHORT TITLE:<br>Scott, et al v. Gate Gourmet, Inc., et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>6701 Imperial Hwy |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90045 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _10/26/2020_____

_/s/ Heather K. Cox_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.