Diana Tabacopoulos (SBN 128238)
dtabacopoulos@seyfarth.com
Jill A. Porcaro (SBN 190412)
jporcaro@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Nolan R Theurer (SBN 323563)
ntheuer@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105-2930
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
GATE GOURMET, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SCOTT, an individual; BRENDA MCCOY, an individual; DOMINIQUE FERDINAND, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GATE GOURMET, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-11033-CAS-JPR<br><br>**DEFENDANT GATE GOURMET, INC.'S NOTICE OF MOTION TO STRIKE PURSUANT TO FED. R. CIV. PROC. 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently herewith Declaration of Jill A. Porcaro; [Proposed] Order*]<br><br>[Los Angeles Superior Court Case No. 20STCV41416]<br><br>Date: January 25, 2021<br>Time: 10:00 a.m.<br>Crtrm: 8D<br><br>Complaint Filed: October 27, 2020<br>Trial Date: None |

DEFENDANT GATE GOURMET'S NOTICE OF MOTION TO STRIKE

67042565v.5

**TO THE CLERK OF THE COURT AND PLAINTIFF:**

**NOTICE IS HEREBY GIVEN** that on January 25, 2021, at 10:00 a.m., in the United States District Court, Central District of California, Courtroom 8D, located at 350 West First Street, Los Angeles, CA 90012, Defendant Gate Gourmet, Inc. ("Gate Gourmet" or "Defendant"), pursuant to Fed. R. Civ. Proc. 12(f), hereby moves to strike the following portions of Plaintiffs Charles Scott, Brenda McCoy, and Dominique Ferdinand's ("Plaintiffs") Complaint:

1. Defendant moves to strike Plaintiffs' Prayer for "attorney's fees" as to each of their causes of action as follows on the ground that attorney's fees are not recoverable for Plaintiffs' common law claims as a matter of law; nor are they authorized by statute under the UCL:

- Paragraph 6 from the Complaint's Prayer for Relief as to the First Cause of Action for Wrongful Termination in Violation of Public Policy (Dkt. 1-1, Complaint page. 10, line 26),

- Paragraph 3 from the Prayer as to the Second Cause of Action for Violation of California's Unfair Competition Law, Cal. Bus. And Prof. Code ¶¶ 17200 *et al.* (the "UCL") (Dkt 1-1, Complaint page 11, line 10), and

- Paragraph 7 from the Prayer as to the Third Cause of Action for Breach of Fiduciary Duty (Dkt. 1-1, Complaint page 11, line 22).

2. Defendant further moves to strike Plaintiffs' Prayer for restitution in Paragraph 1 of the Complaint's Prayer as to the Second Cause of Action for Violation of the UCL (Dkt. 1-1, Complaint, page 11, lines 3-6) and corresponding Paragraphs 41-42 of the Complaint (Dkt. 1-1, Complaint page 9, lines 7-11), because Plaintiffs lack standing to seek disgorgement/restitution of funds that Gate Gourmet allegedly obtained from the U.S. Treasury Department pursuant to the Coronavirus Aid, Relief and Economic Security Act (CARES Act). Also, insofar as Plaintiffs seek to recover back pay, any wage losses suffered by Plaintiffs that are attributable to their terminations are damages that do not qualify as restitution as a matter of law.

3. Defendant further moves to strike Plaintiffs' Prayer for injunctive relief in Paragraph 2 of the Complaint's Prayer on the Second Cause of Action for violation of the UCL (Dkt. 1-1, Complaint, page 11, lines 7-9), corresponding Paragraphs 28(g) (Dkt. 1-1, Complaint, page 11, lines 7-9) and 41-42 (Dkt. 1-1, Complaint page 9, lines, 3-6 and 7-11) of the Complaint, and Paragraph 6 of the Complaint's Prayer as to the Third Cause of Action for Breach of Fiduciary Duty (Dkt. 1-1, Complaint page 11, lines 20-21) because Plaintiffs — all of whom are former employees of Gate Gourmet — lack standing to seek injunctive relief. Further, Plaintiffs have not shown that they will suffer irreparable harm in the absence of injunctive relief or that an award of damages is insufficient to remedy their claims.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 3rd and 11, 2020. See concurrently-filed Declaration of Jill A. Porcaro in Support of Motion to Dismiss and Motion to Strike Plaintiffs' Complaint, ¶¶ 4-5, Exhibits A-B.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Jill A. Porcaro, the Proposed Order, the pleadings in the Court's file and any reply papers and oral argument to be presented to the Court at the hearing.

DATED: December 28, 2020                                    SEYFARTH SHAW LLP


By: */s/ Jill A. Porcaro*
    Diana Tabacopoulos
    Jill A. Porcaro
    Nolan R Theurer
    Attorneys for Defendant
    GATE GOURMET, INC.

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................1

II. PROCEDURAL HISTORY .........................................................................2

III. LEGAL STANDARD ..................................................................................3

IV. ARGUMENT................................................................................................3

    A. This Court Should Strike The Complaint's Prayer For Attorney's Fees Because Attorney's Fees Are Not Recoverable For Plaintiffs' Claims ..........3

    B. This Court Should Strike The Complaint's Prayer For Injunctive Relief Because Damages Are Adequate to Address Plaintiffs' Alleged Injuries and Plaintiffs Are At No Risk Of Irreparable Harm .......................... 6

    C. Plaintiffs Cannot Recover Restitution/Disgorgement As to Their UCL Claim Because they Lack Standing to Seek Disgorgement of Funds Gate Gourmet Obtained from the U.S. Treasury and Back Pay is Damages — Not Restitution ........................................................................8

V. CONCLUSION...........................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
　421 U.S. 240 (1975) ............................................................................................. 3

*Delodder v. Aerotek, Inc.*,
　2009 WL 3770670 (C.D. Cal. Nov. 9, 2009) ...................................................... 8

*Fantasy, Inc. v. Fogerty*,
　984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517
　(1994) .................................................................................................................. 3

*Heffelfinger v. Elec. Data Sys. Corp.*,
　2008 U.S. Dist. LEXIS 5296 (C.D. Cal. Jan. 7, 2008) ........................................ 8

*Henry v. Radio One, Inc., No. CV 08-2717 PSG (CTX)*,
　2008 WL 11338294 (C.D. Cal. June 18, 2008) .............................................. 4, 5

*Lee Myles Associates Corp. v. Paul Rubke Enterprises, Inc.*,
　557 F. Supp. 2d 1134 (S.D. Cal. 2008) ............................................................... 9

*O'Shea v. Littleton*,
　414 U.S. 488 (1974) ............................................................................................. 6

*Susilo v. Wells Fargo Bank, N.A.*,
　796 F. Supp. 2d 1177 (C.D. Cal. 2011) .............................................................. 3

*Thomas v. Kent, No. CV148013FMOAGRX*,
　2019 WL 2590170 (C.D. Cal. May 30, 2019) .................................................... 4

*Walsh v. Nevada Dept. of Human Resources*,
　471 F. 3d 1033 (9th Cir. 2006) ........................................................................... 7

*Whittlestone, Inc. v. Handi-Craft Co.*,
　618 F.3d 970 (9th Cir. 2010) ............................................................................... 3

**State Cases**

*Abouab v. City and County of San Francisco*,
　141 Cal. App. 4th 643 (2006) .............................................................................. 4

*c.f. Cortez v. Purolator Air Filtration Products Co.*,
　23 Cal. 4th 163 (2000) .................................................................................. 9, 10

*C.f. Sundance v. Municipal Court*,
　192 Cal. App. 3d 268 (1987) ............................................................................... 5

*People ex rel. City of Santa Monica v. Gabriel*,
　186 Cal. App. 4th 882 (2010) .............................................................................. 4

ii

*Daniels v. McKinney*,
    146 Cal. App. 3d 42 (1983) ........................................................................................... 5

*Dipirro v. Bondo Corp.*,
    153 Cal. App. 4th 150 (2007) .................................................................................... 4, 6

*East Bay Mun. Utility Dist. v. Department of Forestry & Fire Protection*,
    43 Cal. App. 4th 1113 (1996) ....................................................................................... 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ................................................................................................ 9

*Korean Philadelphia Presbyterian Church v. California Presbytery*,
    77 Cal. App. 4th 1069 (2000) ....................................................................................... 7

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) .................................................................................................. 8

*Lisec v. United Airlines, Inc.*,
    10 Cal. App. 4th 1500 ................................................................................................. 10

*Morrison v. Land*,
    169 Cal. 580 (1915) ...................................................................................................... 7

*Pineda v. Bank of America, N.A.*,
    50 Cal. 4th 1389 (2010) ................................................................................................ 9

*Ryan v. California Interscholastic Fed'n*,
    94 Cal. App. 4th 1033 (2001) ....................................................................................... 5

*Trope v. Katz*,
    1 Cal. 4th 274 (1995) .................................................................................................... 3

*Zhang v. Superior Court*,
    57 Cal. 4th 364 (2013) .................................................................................................. 4

**Federal Statutes**

Coronavirus Aid, Relief and Economic Security Act ................................................... 1, 2, 5

**State Statutes**

Cal. Bus. & Prof. Code §§ 17200 ..................................................................................... 1, 5

Cal. Civ. Proc. Code § 526(a)(2-5) ....................................................................................... 6

Cal. Code Civ. P. § 1021 .................................................................................................. 3, 5

Cal. Code Civ. P. § 1021.5 ............................................................................................... 4, 6

**Rules**

Fed. R. Civ. Proc. ¶¶ 12(b)(6) .............................................................................................. 2

Fed. R. of Civ. Proc. § 12(f) ................................................................................................. 3

DEFENDANT GATE GOURMET'S NOTICE OF MOTION TO STRIKE

67042565v.5

DEFENDANT GATE GOURMET'S NOTICE OF MOTION TO STRIKE

67042565v.5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Charles Scott, Brenda McCoy, and Dominique Ferdinand ("Plaintiffs") bring this putative class action lawsuit against their former employer, Gate Gourmet, Inc. ("Gate Gourmet" or "Defendant"). The crux of Plaintiffs' Complaint is their contention that Gate Gourmet terminated their employment (and the employment of "similarly situated" employees in California) in violation of the Coronavirus Aid, Relief and Economic Security Act (CARES Act). Based on these allegations, Plaintiffs purport to allege common law claims for Wrongful Termination in Violation of Public Policy (1st Cause of Action ("COA")) and Breach of Fiduciary Duty (3rd COA); as well as a companion statutory claim for violation of California's Unfair Competition Law, codified at Cal. Bus. & Prof. Code §§ 17200 *et al*. (the "UCL"). Gate Gourmet now brings this Motion to Strike portions of Plaintiffs' Prayer, and corresponding paragraphs of the Complaint, that seek relief that is unavailable for the claims they purport to allege.

First, Gate Gourmet seeks to strike Plaintiffs' prayer for recovery of attorney's fees as to each of their COAs. Attorney's fees are not recoverable for Plaintiffs' common law claims or for violation of the UCL. No exceptions apply.

Second, Plaintiffs' Prayer for injunctive relief for alleged violation of the UCL and Breach of Fiduciary Duty must be stricken. Plaintiffs cannot show they would suffer irreparable injury in the absence of injunctive relief or that damages are insufficient to remedy their claims Also, it is well established that former employees lack standing to pursue injunctive relief under the UCL.

Third, Plaintiffs' Prayer for "restitution of all profits and gains resulting from Defendant's unfair, unlawful, and/or fraudulent business acts and/or practices" must be stricken because Plaintiffs' allegations do not suggest that Gate Gourmet has obtained anything from Plaintiffs to be disgorged. Restitution occurs only where one party disgorges funds that rightfully belong to the other party. Plaintiffs have not shown and

cannot show that they have any ownership interest in the CARES Act funds allegedly received by Gate Gourmet.  Also, post-termination wage losses (*i.e.*, back pay) are compensatory damages; they are not restitution.

Accordingly, the Court should strike from the Complaint all of the unavailable relief sought by Plaintiffs.

## II. <u>PROCEDURAL HISTORY</u>

On October 27, 2020, Plaintiffs filed their Complaint in the Los Angeles Superior Court, Case No. 20STCV41416 entitled *CHARLES SCOTT et al. v. GATE GOURMET, INC., et al.* purporting to allege COAs for Wrongful Termination in Violation of Public Policy (1st COA), violation of the UCL (2nd COA) and Breach of Fiduciary Duty (3rd COA) premised upon Plaintiffs' allegation that Gate Gourmet violated the CARES Act by subjecting Plaintiffs and similarly-situated employees to a layoff during the period of March 28, 2020 through the present.

Gate Gourmet's Counsel, Jill Porcaro, conferred with Plaintiffs' counsel to inform them that the Complaint fails to state a cause of action against Gate Gourmet, and that Plaintiffs' claims were meritless and should be dismissed. Porcaro Decl., ¶¶ 2-3, Exhibit A.[1] Ms. Porcaro also conferred with Plaintiffs' counsel regarding Plaintiffs' claims for non-recoverable attorney's fees and restitution that are the subject of this motion. *Id.*  The Parties were unable to reach a resolution through the meet and confer process.

On December 4, 2020, before filing any responsive pleading, Gate Gourmet filed a Notice of Removal with this Court pursuant to jurisdiction under the Class Action Fairness Act and federal question jurisdiction.

The parties then entered into a Stipulation extending Gate Gourmet's time to respond to the Complaint through and including December 28, 2020 and filed the Stipulation with the Court on December 7, 2020. *Id.* ¶ 4, Exhibit B.

---

[1] Gate Gourmet moves concurrently to dismiss each of Plaintiffs' COAs in the Complaint pursuant to Fed. R. Civ. Proc. ¶¶ 12(b)(6).

2

DEFENDANT GATE GOURMET'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE

67042565v.5

## III. LEGAL STANDARD

Under Fed. R. of Civ. Proc. § 12(f) a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The essential function of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Also see *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973-974 (9th Cir. 2010). Rule 12(f) permits a Court to strike a prayer for relief which is not available as a matter of law. *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1196 (C.D. Cal. 2011).

## IV. ARGUMENT

### A. This Court Should Strike The Complaint's Prayer For Attorney's Fees Because Attorney's Fees Are Not Recoverable For Plaintiffs' Claims

Plaintiffs' improper Prayer for attorney's fees cannot survive this Motion to Strike. Plaintiffs seek to recover attorney's fees as to each of their COAs in the Complaint. (See Complaint, Prayer on the 1st COA ¶ 3, Prayer on the 2nd COA ¶ 3, and Prayer on the 3rd COA ¶ 3.) However, none of Plaintiffs' COAs are amenable to recovery of attorney's fees.

The American rule provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties[.]" Cal. Code Civ. P. § 1021; see also *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser"); *Trope v. Katz*, 1 Cal. 4th 274, 278-279 (1995) (stating that "California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees"). Likewise, where a cause of action is based in "common law tort theory"

3

(such as Plaintiffs' 1st and 3rd COAs) and the plaintiff "provides no statutory basis for [his or] her request for attorney's fees," it is appropriate to strike the request for attorney's fees "because it is immaterial." *Henry v. Radio One, Inc.*, No. CV 08-2717 PSG (CTX), 2008 WL 11338294, at *3 (C.D. Cal. June 18, 2008).

There is one exception to the application of the American rule — attorney's fees may be available in the absence of statutory authority where the suit at issue has resulted "in the enforcement of an important right affecting the public interest" if a "significant benefit . . . has been conferred on the general public or a large class of persons." Cal. Code Civ. P. § 1021.5; see also *Abouab v. City and County of San Francisco*, 141 Cal. App. 4th 643, 663 (2006); *Dipirro v. Bondo Corp.*, 153 Cal. App. 4th 150 at 197 (2007).

Where a plaintiff brings claims on behalf of a class, that is not sufficient by itself to qualify for the exception to the American rule. The size of the class of persons who benefit from a decision affecting an important right affecting the public interest is the primary consideration in the evaluation of whether attorney's fees are available. Merely asserting a class action does not demonstrate benefit to a "large class of persons". See Cal. Code Civ. P. § 1021.5; *Thomas v. Kent, No. CV148013FMOAGRX*, 2019 WL 2590170, at *9 (C.D. Cal. May 30, 2019). In addition, the primary purpose of the lawsuit must be to address the public policy violation as a whole, rather than for pecuniary benefit to plaintiffs. *DiPirro v. Bondo Corp.*, 153 Cal. App. 4th 150, 199 (2007), as modified (Aug. 8, 2007) ("Where the enforcement or advancement of any public interest … was secondary and incidental to achieving personal business goals, an award of fees under Code of Civil Procedure section 1021.5 is not warranted").

Here, Plaintiffs do not cite (nor could they) any statutory authority for their request for attorney's fees. With respect to Plaintiffs' claims under the UCL, the UCL does not provide for attorney's fees. *Zhang v. Superior Court*, 57 Cal. 4th 364, (2013) (prevailing plaintiffs are generally limited to injunctive relief and restitution under the UCL; they may not receive damages or attorney fees); *People ex rel. City of Santa Monica v.*

4

*Gabriel*, 186 Cal. App. 4th 882, 889-891 (2010) (attorney fee awards are not available in actions alleging violations of § 17200 unless plaintiff alleges and proves a violation of a separate statute that allows recovery of such fees.)

Further, Plaintiffs' Prayer for attorney's fees with respect to their common law claims for Wrongful Termination in Violation of Public Policy and Breach of Fiduciary Duty also fail. Not only do Plaintiffs fail to identify any important public policy which they intend to assuage through this litigation, but they fail to show any significant benefit to the public or any large class of persons were their claims to succeed. See *Ryan v. California Interscholastic Fed'n*, 94 Cal. App. 4th 1033, 1044 (2001) ("Regarding the nature of the public right, it must be important and cannot involve trivial or peripheral public policies. The significance of the benefit conferred is determined from a realistic assessment of all the relevant surrounding circumstances"). The Complaint alleges only that the putative class "is estimated be greater than one hundred (100) individuals" and consists of "Defendant's former employees working in the state of California who were involved in a layoff after March 27, 2020…". (Complaint ¶¶ 25-26.)

Further, similar to the allegations in *Henry v. Radio One, Inc.,* Plaintiffs' putative class allegations include only those Gate Gourmet employees in California who were laid off or furloughed after Gate Gourmet applied for CARES Act funds. (Complaint ¶¶ 20-21.) Plaintiffs do not allege that any other, larger group of people will stand to benefit from a decision in their favor. (*C.f. Sundance v. Municipal Court*, 192 Cal. App. 3d 268, 272 (1987) (finding that a class of approximately 60,000 persons was sufficient to constitute a "large class of people"; *Daniels v. McKinney*, 146 Cal. App. 3d 42 at 50 (1983) (population of a jail was a "large class of persons" under the meaning of Cal. Code Civ. P. § 1021 when approximately 20,000 persons were incarcerated there for varying lengths of time each year).

Further, even if Plaintiffs were to later identify some public policy which might benefit a very large class of persons or the general public, the fact that their Complaint

5

DEFENDANT GATE GOURMET'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE

67042565v.5

fails to do so is evidence that Plaintiffs' primary intention in this lawsuit is for their own pecuniary benefit. *DiPirro*, 153 Cal. App. 4th at 199 (attorney's fees are not recoverable under Section 1021.5 where "the essence and fundamental outcome …was the advancement of …[a party's] own economic interests.). Plaintiffs seek monetary benefits for themselves (including back pay and emotional distress damages), and have failed to allege any facts supporting an inference that resolution of the present case in their favor would result in the enforcement of an important right affecting the public interest.

Therefore, this Court should strike Plaintiffs' Prayer for attorney's fees (See Complaint, Prayer on the 1st COA ¶ 3, Prayer on the 2nd COA ¶ 3, and Prayer on the 3rd COA ¶ 3), as well as any allegations pertaining thereto.

### B. This Court Should Strike The Complaint's Prayer For Injunctive Relief Because Damages Are Adequate to Address Plaintiffs' Alleged Injuries and Plaintiffs Are At No Risk Of Irreparable Harm

Plaintiffs may not obtain injunctive relief (which they seek in their Prayer as to the 2nd COA for violation of the UCL and 3rd COA for Breach of Fiduciary Duty).

It is well settled law that an injunctive relief may be granted only where the party seeking an injunction alleges an injury unsuited to a legal remedy (such as monetary damages), and where that party stands to suffer irreparable harm if an injunction does not issue. See Cal. Civ. Proc. Code § 526(a)(2-5); *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (plaintiff, in seeking an injunction, must show a likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law); *East Bay Mun. Utility Dist. v. Department of Forestry & Fire Protection*, 43 Cal. App. 4th 1113, 1126 (1996) ("An injunction properly issues only where the right to be protected is clear, injury is impending and so immediately likely as only to be avoided by issuance of the injunction. [Citation]").

Whether Plaintiffs have suffered harm is immaterial to their request for injunctive relief.  Rather, the key considerations are whether that harm can be adequately addressed

through a legal remedy (such as damages), and whether Plaintiffs are in imminent danger of further irreparable harm in the absence of an injunction. Both considerations weigh against Plaintiffs' ability to seek injunctive relief in the present lawsuit.

Courts may not grant equitable relief, such as an injunction, if the law affords a legal remedy which adequately redresses the requesting party's injuries. *Morrison v. Land*, 169 Cal. 580, 586 (1915) ("No principle of equitable jurisprudence is more firmly established than" the concept that courts do not grant "equitable relief in any case where the legal remedy is full and adequate and does complete justice"). Generally, where damages afford an adequate remedy, equitable relief will be denied. *Id*. Here, Plaintiffs' alleged injury is that they were terminated from employment, and thus, suffered a loss of wages and emotional distress post-termination. These alleged damages can be adequately addressed through economic relief. Further, if an injunction were to issue, such would offer no relief to the Plaintiffs because, as former employees, they are no longer affected by Gate Gourmet's employment practices. *Walsh v. Nevada Dept. of Human Resources*, 471 F. 3d 1033, 1037 (9th Cir. 2006) (holding that because former employee "would not stand to benefit from an injunction," she "lacked standing to sue for injunctive relief from which she would not likely benefit").

Hand-in-hand with the above considerations, courts will only grant injunctive relief if the requesting party stands to suffer imminent irreparable harm should the injunction not issue. *Korean Philadelphia Presbyterian Church v. California Presbytery*, 77 Cal. App. 4th 1069, 1084 (2000), as modified (Feb. 9, 2000) ("An injunction cannot issue in a vacuum based on the proponents' fears about something that may happen in the future. It must be supported by actual evidence that there is a realistic prospect that the party enjoined intends to engage in the prohibited activity"). As former employees, Plaintiffs cannot show an imminent danger of irreparable harm, and thus lack standing to pursue injunctive relief for purported breach of fiduciary duty or under the UCL. It is well established that former employees are unable to demonstrate "a real or immediate threat

7

of irreparable injury" based on their former employer's employment practices. *Delodder v. Aerotek, Inc.*, 2009 WL 3770670 (C.D. Cal. Nov. 9, 2009) (striking former employees' claims for injunctive relief because "plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate 'a real or immediate threat of irreparable injury' by defendant's employment practices").

Here, as in *Delodder*, Plaintiffs are no longer employed by Gate Gourmet, and thus are in no danger of immediate and irreparable harm should this Court refuse to issue an injunction. As former employees, Plaintiffs' are no longer affected by Gate Gourmet's employment practices at all, and thus Gate Gourmet's continued conduct offers no risk of harm to the Plaintiffs. See *Heffelfinger v. Elec. Data Sys. Corp.*, 2008 U.S. Dist. LEXIS 5296 (C.D. Cal. Jan. 7, 2008) ("Because plaintiffs are no longer employed by EDS, they lack standing to seek prospective injunctive relief under the UCL.").

Thus, Plaintiffs' prayer for injunctive relief on their UCL claim (Prayer on the 2nd COA, ¶ 2) and on their claim for breach of fiduciary duty (Prayer on the 3rd COA, ¶ 6) is improper and should be stricken, as should any other allegations in the Complaint pertaining to injunctive relief. (See Complaint ¶¶ 41-42.)

### C. Plaintiffs Cannot Recover Restitution/Disgorgement As to Their UCL Claim Because they Lack Standing to Seek Disgorgement of Funds Gate Gourmet Obtained from the U.S. Treasury and Back Pay is Damages — Not Restitution

Plaintiffs' Prayer for restitution is incompatible with Plaintiffs' COA for relief under the UCL. Restitution under the UCL generally requires a disgorgement of funds improperly obtained from plaintiffs. *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 336 (2011) ("[r]estitution under [Business and Professions Code] section 17203 [of the UCL] is confined to restoration of any interest in 'money or property, real or personal, which may have been acquired by means of such unfair competition.) Further, California jurisprudence is substantial that plaintiffs do not have standing to seek disgorgement of

8

DEFENDANT GATE GOURMET'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE

67042565v.5

funds obtained from a third party—in this case, the U.S. Treasury. See *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1141-1152 (2003) (disgorgement of profits earned by defendants as result of allegedly unfair practices is not authorized by the UCL where money sought to be disgorged was not taken from plaintiff and plaintiff did not have ownership interest in money); *Lee Myles Associates Corp. v. Paul Rubke Enterprises, Inc.,* 557 F. Supp. 2d 1134 (S.D. Cal. 2008).

In *Korea Supply Co. v. Lockheed Martin Corp.*, plaintiff was a defense manufacturing firm that bid on a contract to supply goods to a foreign national power. 29 Cal. 4th at 1140-41. Due to the unfair business practices of a competing firm (defendant), plaintiff was not awarded the contract. *Id.* Plaintiff filed suit against defendant, claiming violation of UCL and including a prayer for restitution. The Court found that despite the fact that plaintiff may have received the funds ultimately received by defendant if not for the defendant's unfair business practices, restitution was an improper remedy to acquire those funds because Plaintiff never had any ownership interest in the funds themselves. *Id.* at 1148.

The facts in the present matter are analogous to those in *Korea Supply Co.* Although Plaintiffs may have received some of the funds allegedly acquired by Gate Gourmet through the CARES Act had they remained employees, they do not have an ownership interest in said funds. The expectation of receipt is not a vested interest capable of giving rise to a prayer for restitution. *Id.* at 1149-1150; *c.f. Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 178 (2000) (finding that employees have a vested ownership interest in wages already *earned*).

In addition, Plaintiffs cannot recover unearned back pay as restitution. See *Korea Supply Co.*, 29 Cal. 4th at 1147 ("the Legislature did not intend section 17203 [of the UCL] to provide courts with unlimited equitable powers," to award money to a plaintiff who has no "ownership interest" in that money); *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1402 (2010) ("compensatory damages are not recoverable as restitution").

9

1  Unlike in *Cortez*, Plaintiffs here do not seek payment of wages they had already earned.
2  They seek payment of post-termination wages they *would have earned* had they remained
3  employed. The loss of future economic benefit as the result of a termination is not
4  considered "wages" to which a plaintiff is entitled restitution. See *Lisec v. United
5  Airlines, Inc.*, 10 Cal. App. 4th 1500, 1507 (finding that damages based on potential
6  future earnings were not wages where "[n]one of the components of the damages award
7  were to redress deprivation of wages earned or due for services already performed").
8      Thus, Plaintiffs have not presented a cognizable claim for restitution and this Court
9  should strike Plaintiffs' claims for such from its Prayer for Relief (See Complaint, Prayer
10 on the Second Cause of Action, ¶ 1) as well as any allegations pertaining thereto. (See
11 Complaint, ¶¶ 1, 28, 41-42.)

## V. CONCLUSION

Based on the foregoing, Gate Gourmet respectfully requests that the Court strike Plaintiffs' improper prayer for attorney's fees, allegations and prayer for injunctive relief, and allegations and prayer for restitution as is set forth in the Notice of Motion.

DATED:  December 28, 2020                    SEYFARTH SHAW LLP


                                             By: */s/ Jill A. Porcaro*
                                                 Diana Tabacopoulos
                                                 Jill A. Porcaro
                                                 Nolan R Theurer
                                                 Attorneys for Defendant
                                                 GATE GOURMET, INC.

10
DEFENDANT GATE GOURMET'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE

67042565v.5