| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Lisa Gonzalez | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:
Heather Cox      Jill Porcaro

**Proceedings:**    DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b)(6) (Dkt. 35, filed April 26, 2021)

## I.    INTRODUCTION & BACKGROUND

On October 27, 2020, plaintiffs Charles Scott ("Scott"), Brenda McCoy ("McCoy"), and Dominque Ferdinand ("Ferdinand") filed this class action against defendant Gate Gourmet, Inc. and Does 1-100 in Los Angeles Superior Court, alleging claims for (1) wrongful termination in violation of public policy; (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"); and (3) breach of fiduciary duty. Dkt. 1-1 ("Compl."). The gravamen of plaintiffs' complaint is that they and members of the class were laid off by defendant on March 28, 2020, in violation of the terms and conditions of the payroll support that defendant was awarded by the federal government pursuant to the CARES Act, 15 U.S.C. § 9001, *et seq*. Defendant removed this action to this Court on December 4, 2020. Dkt. 1 ("NTC of Removal").

On December 28, 2020, plaintiff filed a motion to remand for lack of subject matter jurisdiction, and defendant filed a motion to dismiss the complaint pursuant to FRCP 12(b)(6) and a motion to strike pursuant to FRCP 12(f). Dkts. 12-14. On February 22, 2021, the Court denied the motion to remand, finding that it possessed diversity jurisdiction pursuant to CAFA. Dkt. 29 ("MTD Order"). The Court granted defendant's motion to dismiss plaintiffs' UCL claims, finding that plaintiffs lacked standing because they had not adequately alleged entitlement to injunctive relief or restitution. Id. at 13. The Court also granted defendant's motion to dismiss as to plaintiffs' common law claims for wrongful termination in violation of public policy and breach of fiduciary duty. Id. at 17, 18. The motion to strike was denied. Id. at 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

Plaintiffs filed a first amended complaint on April 5, 2021, alleging claims for (1) wrongful termination in violation of public policy, and (2) violation of the UCL. Dkt. 32 ("FAC").

On April 26, 2021, defendant filed a motion to dismiss the FAC. Dkt. 35 ("Mot."). On May 3, 2021, plaintiffs filed an opposition. Dkt. 36 ("Opp'n"). Defendant filed a reply on May 10, 2021. Dkt. 37 ("Reply").

The Court held a hearing on May 21, 2021. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following facts in the FAC.

### a. The Parties

Plaintiff Scott is a resident of Long Beach, California. FAC ¶ 6. Scott began working for defendant as a chef in approximately 2017. Id. ¶ 14. Scott was involuntarily laid off by defendant on March 28, 2020, and was rehired with a fulltime schedule on February 1, 2020. Id.

Plaintiff McCoy is a resident of Los Angeles, California. Id. ¶ 7. McCoy began working in food assembly for defendant in or about "early 2019." Id. ¶ 15. McCoy was involuntarily laid off by defendant on March 28, 2020, and was offered reinstatement on a temporary basis in January 2020. Id.

Plaintiff Ferdinand is a resident of Los Angeles, California. Id. ¶ 8. Ferdinand began working for defendant as an equipment handler on or about February 11, 2019. Id. ¶ 16. Ferdinand was involuntarily laid off by defendant on March 20, 2020, and was rehired on February 1, 2021, with a fulltime schedule. Id. ¶ 16.

Defendant Gate Gourmet is a Delaware Corporation with its principal place of business in Reston, Virginia. Dkt. 1 at 5. Defendant is a provider of airline catering and provisioning services for airlines, with operations in Los Angeles County. FAC ¶¶ 9, 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

### b. Federal Payroll Support for Aviation Industry

Plaintiffs allege that the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. § 9001, *et seq.* (the "CARES ACT") was signed into law in March 2020, with the "stated purpose and public policy" of addressing "the profound economic disruption arising from the unprecedented COVID-19 global pandemic." Id. ¶¶ 17,18. Plaintiffs allege that Congress's intent in passing the CARES Act was to "reduce the amount of unemployment that would otherwise flow from the impact of COVID-19 on the economy, and to protect vulnerable workers." Id. ¶ 18. The CARES Act allegedly provided "significant" federal funding to support several industries impacted by COVID-19, including the airline industry. Id. ¶ 17.

Specifically, plaintiffs allege that Section 4112 of the CARES Act has been described by the United States Department of Treasury website as intended to provide "payroll support to passenger air carriers, cargo air carriers, and certain contractors for the continuation of employee wages, salaries and benefits," as part of a "$2 trillion relief package" aimed at "protecting the American people from the public health and economic impacts of COVID-19." Id. ¶ 19. Plaintiffs aver that the CARES Act was enacted "after other relief bills signed in early March 2020 were inadequate to fully address the economic impact of the COVID-19 pandemic." Id. ¶ 17.

Plaintiffs allege that defendant was eligible to receive federal funds pursuant to Section 4111 of the Cares Act because it is a provider of "airline catering services". Id. ¶ 20; see also 15 U.S.C. § 9071. Defendant allegedly applied for payroll support pursuant to the CARES Act on April 3, 2020, at which time it was required to identify its average number of employees from 2019 and disclose involuntary reductions that occurred after March 1, 2020. Id. ¶ 21. Plaintiffs allege that the federal government awarded defendant $87,712,299 in initial payroll support, and that defendant anticipates receiving a total of $171,424,598 in payroll support, which is "the second highest amount anticipated for contractors through the payroll support program under the CARES Act." Id. ¶ 22. Plaintiffs further allege that in order to establish eligibility to receive funding through the CARES ACT, defendant was required to make assurances pursuant to Sections 4113(b)(1)(A) and 4114 of the Act that defendant "would use such payments exclusively for the continuation of employee wages, salaries and benefits; and refrain from conducting involuntary layoffs or furloughs until September 30, 2020. Compl. ¶ 23; see also 15 U.S.C. §§ 9073, 9074.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

### c. Layoffs

Plaintiffs allege that on March 28, 2020—after the CARES Act was signed into law—defendant began laying off or furloughing hundreds of employees, including plaintiffs Scott and McCoy. Id. ¶ 24. Plaintiffs allege that at the time of those employment actions, defendant was aware that federal funds would be made available to defendant "with the purpose of protecting workers and helping to retain employees." Id. Plaintiffs further allege that the layoffs and furloughs are "in direct contravention to the purpose behind the financial bail-out [defendant] applied for and received under the CARES Act." Id.

In total, plaintiffs allege that defendant performed involuntary layoffs of at least 1,500 of its employees between March 1, 2020, and September 30, 2020, representing approximately 15% of its average 2019 workforce. Id. ¶ 25. In January 2021, defendant "offered a return to employment on a temporary basis to the involuntarily terminated employees." Id. ¶ 27. As such, plaintiffs allege that defendant essentially transferred "the costs of its workforce on to the government by significantly reducing its workforce while also asking for and receiving government money to support that workforce" and then offered re-employment to the same employees, many of whom received government assistance in the interim, only when "convenient for the company." Id. ¶ 42. Plaintiffs allege that defendant is "treating its employees as an on-demand/*per diem* workforce as it sees fit" and therefore that defendant "could foreseeably reinstitute layoffs and furloughs in the event that the Coronavirus pandemic surges yet again." Id. ¶ 49.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'   JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

## IV. DISCUSSION

Defendant moves to dismiss the first amended complaint in its entirety, arguing that plaintiffs' UCL and wrongful termination in violation of public policy claims each fail to state a claim upon which relief can be granted. Mot. at 1-2. The Court addresses each claim as follows.

### a. UCL Claim

The UCL prohibits "any unlawful, unfair or fraudulent business practice." Cal. Bus. & Prof Code § 17200. "Because Business & Professions Code § 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." Hodsdon v. Mars, Inc., 891 F.3d 857, 865 (9th Cir. 2018) (citing Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 181 (1999)). Plaintiffs assert in their first amended complaint that defendant has violated the UCL by engaging in "an unlawful, unfair, and fraudulent business practice," see FAC ¶ 50, but argue in their opposition only that they have stated a claim under the "unlawful" and "unfair" prongs. See Opp'n at 16-18. Defendant moves to dismiss the UCL claim on the grounds that plaintiffs have not adequately alleged unfair or unlawful conduct. See Mot. at 15. Defendant also moves to dismiss on the grounds that the first amended complaint "still" does not allege facts that are sufficient to demonstrate plaintiffs' standing to seek injunctive relief or restitution under the UCL, citing the Court's prior order. Mot. at 18-22; Reply at 9-11; see also MTD Order at 13-14.

The Court agrees with defendant that plaintiffs have again failed to adequately allege that they are entitled to injunctive relief or to recover restitution pursuant to the UCL. "[R]emedies for individuals under the UCL are restricted to injunctive relief and restitution." Walker v. Geico Gen. Ins. Co., 558 F.3d 1025, 1027 (9th Cir. 2009) (quoting Buckland v. Threshold Enters. Ltd., 155 Cal. App. 4th 798, 817 (2007)); see also Cel-Tech Commc'ns, Inc., 20 Cal. 4th at 179. Injunctive relief is only available if the assertedly wrongful conduct is ongoing or likely to recur. Nelson v. Pearson Ford Co., 186 Cal. App. 4th 983, 1015 (2010). Otherwise, to establish an entitlement to restitution, "a plaintiff must demonstrate that the defendant is in possession of money or property taken from [him or] her" or in which plaintiff otherwise has an ownership interest. Asghari v. Volkswagen Grp. of Am., Inc., 42 F. Supp. 3d 1306, 1324 (C.D. Cal. 2013); see also Zeppeiro v. Green Tree Servicing, LLC, No. 14-CV-01336-MMM-JCX, 2015 WL 12660398, at *11 (C.D. Cal. Apr. 15, 2015), aff'd, 679 Fed. Appx. 592 (9th Cir. 2017) (affirming same). The failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

to establish an entitlement to injunctive relief or restitution requires dismissal of, or judgment against, a UCL claim. See Walker, 558 F.3d at 1027; see also Kwikset, 51 Cal. 4th at 337 (holding that UCL standing is proper where plaintiff is eligible for injunctive relief or restitution).

First, plaintiffs have again failed to allege the type of injuries that are compensable by restitution. Plaintiffs' first amended complaint advances no new, non-conclusory facts that support their claim to restitution pursuant to the UCL. See generally FAC. Instead, plaintiffs argue in their opposition that they have a vested interest in receiving backpay for wages lost due to their layoffs, which they contend "may be a form of restitution for purposes of the UCL." Opp'n at 20 (citing Cortez v. Purolator Air Filtration Prod. Co., 23 Cal. 4th 163, 178, 999 P.2d 706 (2000)). As the Court explained in its prior order, that argument is unavailing because plaintiffs do not allege entitlement to recover *earned* wages as restitution. See MTD Order at 14. Although California courts have sustained claims for restitution under the UCL where plaintiffs seek to recover *earned* wages, such as unpaid overtime, see e.g. Cortez, 23 Cal. 4th 163 at 178, a claim for compensation for loss of future, as yet unearned, wages is a claim for "monetary damages" that is not recoverable under the UCL. See Voris v. Lampert, 7 Cal. 5th 1141, 1154 n. 9, 446 P.3d 284, 293 (2019), reh'g denied (Oct. 23, 2019) ("claims for compensation for work *already performed* qualify as claims for "salaries [or] wages," whereas claims for *unearned* compensation fall under the category of claims for "monetary damages.") (emphasis in original). Here, plaintiffs seek backpay covering wages that would have been earned had they not been laid off, which is the type of future compensation that is not recoverable as restitution pursuant to the UCL.

In addition, to the extent that plaintiffs renew their argument that they may recover restitution stemming from defendant's receipt of federal funding "under the guise of retaining its employees," plaintiffs advance no new facts or legal arguments demonstrating a vested interest in those funds. See generally FAC. As the Court explained in its order dismissing the initial complaint, plaintiffs' allegation that defendant received payroll support funding from the federal government for the purpose of retaining employees "is not sufficient to establish that defendant has 'taken' money or property or is otherwise 'in possession of funds rightfully belonging to plaintiffs'." MTD Order at 14 (citing Asghari, 42 F. Supp. 3d at 1324). Likewise, "nonrestitutionary disgorgement" of funds unlawfully or unfairly obtained from a third party—such as the Department of the Treasury—"is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

an available remedy in an individual action under the UCL." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1149, 63 P.3d 937 (2003).

Second, with respect to entitlement to injunctive relief, plaintiffs do not plead facts sufficient to demonstrate a concrete, non-speculative threat that they will be injured in the same manner in the future. "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). A plaintiff is only entitled to injunctive relief if she can demonstrate a "real or immediate threat" that she will be subject to the alleged illegal conduct again. City of Los Angeles v. Lyons, 461 U.S. 95, 96 (1983).

Here, plaintiffs allege that after the initial complaint was filed, plaintiffs Scott and Ferdinand were re-hired by defendant on a fulltime basis. FAC ¶¶ 14, 16. As such, plaintiffs contend that they have standing to pursue a claim for injunctive relief pursuant to the UCL based on their allegations that defendant is "essentially treating its employees as on demand/*per diem* workforce" in violation of public policy and the CARES Act and "could foreseeably reinstitute layoffs and furloughs in the event the Coronavirus pandemic surges yet again." Opp'n at 19, FAC ¶ 12. However, the Court finds the risk that plaintiffs will again be subject to involuntary layoffs due to COVID-19 too speculative to establish a real or immediate threat of repeated injury.[1] Although plaintiffs hypothesize that another surge in the pandemic "could" lead defendant to conduct additional layoffs, the first amended complaint does not allege facts demonstrating a concrete threat that a new COVID-19 surge will occur *and* cause significant disruptions to the airline industry, and thus to the health of defendant's catering business. Nor do plaintiffs allege that the airline industry, which has experienced increasing demand following the introduction of COVID-19 vaccines, is likely to be in need of or receive additional emergency payroll support funding from the federal government in the future. As such, the Court concludes that plaintiffs have not plausibly alleged that they are entitled to injunctive relief.

---

[1] Plaintiffs do not allege that Plaintiff McCoy has been rehired by defendant. As such, plaintiff McCoy lacks standing to seek injunctive relief for the additional reason that she is not currently employed by defendant, and thus is not at any risk of being laid off or furloughed by defendant in the future. See MTD Order at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. |

Accordingly, the Court **DISMISSES** plaintiffs' UCL claim on the grounds that plaintiffs have not sufficiently alleged standing to recover injunctive relief or restitution. Because plaintiffs have had the opportunity to amend their complaint to allege facts sufficient to support their UCL claim, and in light of plaintiffs' counsel's concession at the hearing that plaintiffs are unable to plead additional facts that would cure the defects identified herein, the Court will dismiss the UCL claim *with prejudice*.

### b. Wrongful Termination in Violation of Public Policy

Defendant moves to dismiss plaintiffs' claim for wrongful termination in violation of public policy. Mot. at 8. First, defendant argues that the claim must be dismissed because plaintiffs "have not alleged any facts in the FAC that establish that they (or any of the putative class members) engaged in a protected activity. Id. at 9. Defendant further argues that plaintiffs have not sufficiently alleged the "the existence of any public policy against Gate Gourmet's allegedly improper conduct," in the CARES Act or otherwise, or that the public policy plaintiffs' complaint asserts is "well established," "fundamental," and "inures to the benefit of the public." Id. at 11-14.

As a general matter, a claim for wrongful termination in violation of public policy "requires only a termination in retaliation for engaging in an activity protected by public policy." Hobson v. Raychem Corp., 73 Cal. App. 4th 614, 632 (1999) (internal quotation marks and citation omitted) (abrogated on other grounds). The protected "activity must be based on a statutory or constitutional right." Id. The California Supreme Court has explained that protected activities generally "fall into one of four categories: the employee (1) refused to violate a statute; (2) performed a statutory obligation; (3) exercised a constitutional or statutory right or privilege; or (4) reported a statutory violation for the public's benefit." Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 76, 960 P.2d 1046 (1998). In addition, there must be a causal connection between the protected activity and the adverse employment action. See Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 1258-1259 (1994) (rejecting claim for wrongful discharge in violation of public policy in part because plaintiff failed to show "the required nexus between his reporting of alleged statutory violation and his allegedly adverse" discharge.).

In its prior order, the Court dismissed plaintiffs' claim for wrongful termination in violation of public policy, finding that "plaintiffs [had] not sufficiently alleged that they were terminated for engaging in a protected activity." MTD Order at 17. The Court explained that plaintiffs' allegations that they were each employed by defendant when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. |

CARES Act was enacted on March 27, 2020, at which time defendant allegedly knew that federal payroll support funds would be made available to it, without more, were "insufficient to support a claim on the grounds that plaintiffs engaged in a protected activity or were discharged because of that protected activity." Id.

Plaintiffs' first amended complaint alleges no new facts demonstrating that plaintiffs engaged in a protected activity. See generally FAC. Instead, plaintiffs argue, relying on the California Supreme Court's decision in Rojo v. Kliger, that they need not plead a protected activity to state a claim for wrongful termination in violation of public policy because such claims are not limited to "situations where, as a condition of employment, the employer 'coerces' an employee to commit an act that violates public policy, or 'restrains' an employee from exercising a fundamental right, privilege or obligation." 52 Cal. 3d 65, 89, 801 P.2d 373 (1990). Plaintiffs argue that due to "[t]he unusual situation of a pandemic," this case presents "one of those situations which go beyond that commonly litigated which require a protected activity." Opp'n at 11.

The Court disagrees. Plaintiffs' argument overreads Rojo, which stands for the proposition that California's common law tort of wrongful termination in violation of public policy encompasses certain claims for employment discrimination. The Rojo court explained that California does not "exclude[] wrongful discharge claims based solely on sex discrimination or sexual harassment," in violation of the public policy against discrimination established by article 1, section 8 of the California Constitution. Rojo, 52 Cal. 3d at *91. As one California appellate court explained, the Rojo plaintiffs' "causes of action for wrongful discharge in violation of public policy were sufficient to survive demurrer" because the plaintiffs had alleged "that they were terminated for refusing to submit to their employer's sexual advances and that they were terminated in retaliation for exercising their fundamental right to be free from sexual harassment." See Phillips v. St. Mary Reg'l Med. Ctr., 96 Cal. App. 4th 218, 232, 116 Cal. Rptr. 2d 770 (2002). Rojo's reasoning has been extended in limited circumstances to claims alleging other forms of unlawful employment discrimination, including age discrimination. See e.g., Stevenson v. Superior Ct., 16 Cal. 4th 880, 887, 941 P.2d 1157, 1159 (1997). However, plaintiffs do not cite—nor can the Court locate—any case that applies Rojo outside the context of a claim for discrimination based on membership in a protected class. As such, because plaintiffs do not allege here that they were discharged for any discriminatory reason, the Court concludes that Rojo and its progeny do not support plaintiffs' argument that they need not plead a protected activity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

Moreover, even if the Court were to find that plaintiffs could state a claim without pleading a protected activity, plaintiffs' claim would fail because they cannot demonstrate that the CARES Act established a public policy that was "firmly established" at the time of their terminations. A California common law claim for wrongful termination in violation of public policy must be based on a public policy that was "firmly established" at the time of the complained of discharge, and "one about which reasonable persons can have little disagreement." Foley v. Interactive Data Corp., 47 Cal. 3d 654, 668, 765 P.2d 373 (1988). Here, although plaintiffs argue that prior government responses to emergencies, including the AIDS epidemic, demonstrate that "a public policy of supporting employment during a pandemic was well established" and the type of policy about "which reasonable persons can have little disagreement," the history of the CARES Act compels the opposite conclusion. The CARES Act was signed into law on March 27, 2020, just one day before plaintiffs Scott and McCoy were involuntarily laid off, on March 28, 2020, and seven days *after* plaintiff Ferdinand was involuntarily laid off, on March 20, 2020. See FAC ¶¶ 14-16, 30; see also 15 U.S.C. § 9001, *et seq*. In addition, plaintiffs allege in their first amended complaint that the CARES Act was negotiated and enacted only after "other relief bills signed in early March 2020 were inadequate to fully address the economic impact of the COVID-19 pandemic." Id. ¶ 17. Moreover, plaintiffs have not pointed to any language in the statute prohibiting employers from conducting layoffs *before* applying for CARES Act funding, as plaintiffs' allege defendant did on April 2, 2020. Id. ¶ 21. As such, without diminishing the importance of the CARES Act and other COVID-19 relief measures, the Court finds that as of the time of plaintiffs' terminations, the CARES Act did not provide the basis for any "well established" public policy that was "manifest at the time [defendant] committed the alleged tortious action," such that it could provide the basis for liability in this action. See Silo v. CHW Med. Found., 27 Cal. 4th 1097, 1110, 45 P.3d 1162 (2002) (explaining that "one of the principal reasons for requiring a [wrongful discharge in violation of public policy] claim to be based on statutory or constitutional policy is to ensure that employers are on notice of the policy at the time of the wrongful termination."). Accordingly, for this separate reason, the Court concludes that plaintiffs have not adequately pled a claim for wrongful termination in violation of public policy.

For the foregoing reasons, defendant's motion to dismiss the claim for wrongful termination in violation of public policy is **GRANTED**. Because plaintiffs have had the opportunity to amend their complaint to allege facts sufficient to support their wrongful termination in violation of public policy claim, and in light of plaintiffs' counsel's concession at the hearing that plaintiffs are unable to plead additional facts that would cure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-cv-11033-CAS-JPRx | Date | May 21, 2021 |
|---|---|---|---|
| Title | CHARLES SCOTT ET. AL. V. GATE GOURMET, INC. ET. AL. | | |

the defects identified herein, the Court will dismiss the wrongful termination in violation of public policy claim *with prejudice*.

## V.   CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **GRANTS** defendant's motion to dismiss plaintiffs' UCL claim, **with prejudice**.

2. The Court **GRANTS** defendant's motion to dismiss plaintiffs' claim for wrongful termination in violation of public policy, **with prejudice**.

IT IS SO ORDERED.

|  | 00 : 09 |
|---|---|
| Initials of Preparer | CMJ |